UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **SOMSANIT THONGSENG,** | ) ) ) | |
| Petitioner, | ) ) ) | **Criminal Action No.** **05-40037-FDS** |
| | ) ) | **Civil Action No.** |
| v. | ) ) | **08-40101-FDS** |
| **UNITED STATES OF AMERICA,** | ) ) ) | |
| Respondent. | ) ) | |

**MEMORANDUM AND ORDER ON**
**ORDER ON MOTION UNDER 28 U.S.C. § 2255**

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence by a person in federal custody pursuant to 28 U.S.C. § 2255. Petitioner Somsanit Thongseng seeks to set aside his sentence on the grounds (1) that he received ineffective assistance of counsel because his counsel failed to file a motion for downward departure based on his immigration status; (2) that he received ineffective assistance of counsel because his counsel failed to file a motion for downward departure based on the disparity between his sentence and the sentences of his co-defendants; (3) that the Court should re-consider his motion for mitigating role adjustment pursuant to U.S.S.G. § 3B1.2; and (4) that the sentence is unreasonable and greater than necessary under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U,S, 220 (2005). For the reasons set forth below, the motion will be denied.

**I.     Background**

On September 25, 2005, Thongseng and several other persons were arrested after selling drugs to undercover DEA agents in Fitchburg, Massachusetts. The agents had first met Thongseng on June 22, 2005 in Buffalo, New York, when he sold the undercover agents 700 ecstasy tablets. On August 3, 2005, Thongseng made a second sale of 5,000 ecstasy tablets to the undercover agents. During this meeting, Thongseng, several other co-conspirators, and the undercover agents discussed a much larger future deal. Thongseng told agents that he had a supply source in North Carolina who could provide them with large quantities of ecstasy.

On August 18, 2005, Thongseng introduced the undercover agents to his supply source, Boula Sisompeng. At this meeting, the agents negotiated a deal to buy 300,000 ecstasy tablets from Sisompeng for $1,200,000. After additional conversations, the total number of tablets was reduced to 150,000. One September 18, 2005, Thongseng and several others traveled to a motel in Fitchburg in order to complete the sale. The agents arrested Thongseng and the others on that date.

Thongseng entered a plea of guilty on March 23, 2007. On June 11, 2007, his counsel filed a sentencing memorandum and a motion for downward departure. Among other things, counsel argued for a minor role adjustment under U.S.S.G. § 3B1.2, and asked the Court to consider the immigration consequences of any sentence imposed. The guideline range was 108 to 135 months. At the sentencing hearing on June 21, 2007, the Court denied the minor role sentencing adjustment and imposed a 108-month sentence, at the low end of the guideline range. The Court expressly considered, among other things, Thongseng's immigration status, his standing within the organization, and the sentences given to his co-defendants.

Thongseng did not appeal. On May 27, 2008, Thongseng filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

## II.     Analysis

### A.     Standard of Review

Petitioner asserts four grounds for relief: (1) that he received ineffective assistance of counsel because his counsel failed to file a motion for downward departure due to his immigration status; (2) that he received ineffective assistance of counsel because his counsel failed to file a motion for downward departure due to the alleged disparity between his sentence and the sentences of his co-defendants; (3) that the Court should re-consider his motion for mitigating role adjustment; and (4) the sentence is unreasonable and greater than necessary within the meaning of the relevant law.

Under 28 U.S.C. § 2255, a prisoner may file a motion to vacate, set aside, or correct a sentence. The relief requested may be granted on the grounds that the "petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack." *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *see also Hill v. United States*, 368 U.S. 424, 426-27 (construing the statute).

The first two claims allege ineffective assistance of counsel, and thus a violation of the Sixth Amendment. The remaining two claims do not allege a violation of the Constitution, a lack of jurisdiction, or that the sentence exceeded the statutory maximum, and are therefore properly analyzed under the fourth factor. The fourth factor is a catch-all that includes only "assignments of error that reveal fundamental defects which, if uncorrected, will result in a

complete miscarriage of justice, or irregularities that are inconsistent with the rudimentary demands of fair procedure." *David*, 134 F.3d at 474 (internal quotation marks omitted). Because § 2255 is not a substitute for direct appeal, "a nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances." *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

Plaintiff bears the burden of establishing that he is entitled to relief under § 2255. *David*, 134 F.3d at 474.

### B.     The Constitutional Claims

Claim One alleges ineffective assistance of counsel for failure to move for a downward departure due to petitioner's immigration status. Claim Two alleges ineffective assistance of counsel for failure to move for downward departure due to sentencing disparity.

In order to establish that he received ineffective assistance of counsel, petitioner must show that the "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The level of scrutiny must be "highly deferential." *Id.* at 689 ("It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). Even deficient representation does not create a constitutional violation without a showing of actual prejudice. *United States v. McGill*, 11 F.3d 223, 226 (1st Cir. 1993). For the reasons set forth below, petitioner cannot meet the requirements of *Strickland*.

### 1. Alleged Failure to Raise Petitioner's Immigration Status

Petitioner first claims that his counsel was ineffective for failure to file a motion for downward departure under the United States Sentencing Guidelines based on his status as a deportable alien. That claim may be readily disposed of, as his counsel expressly raised the issue of his immigration status at sentencing, and the Court expressly considered it.

Prior to the sentencing, counsel for petitioner filed a sentencing memorandum that included a "motion for downward departure/variance." (Docket #200). That memorandum contains the following argument:

> The defendant further requests the court to consider the collateral consequence the defendant faces as a deportable alien. The defendant has spent most of his life in the United States and has become completely acculturated. Deportation, or even the constant prospect of deportation [,]will weigh heavily on Mr. Thongseng and is a consequence that
> most other defendants with this conviction do not have to face.

(Sent. Mem. at 4-5).

The Court read the memorandum, and considered the issue in imposing sentence; indeed, it expressly addressed the issue twice:

> I think the only other objection and maybe more in the nature of a comment is to the effect that the defendant, who was reared in the United States and is fully acculturated here, but nonetheless faces deportation. I don't think that's a factor standing alone to depart under the guidelines. It's an unfortunate[ly] common circumstance; although, obviously it's always part of the mix of information the Court considers.

(Sent. Tr. at 14.)

> And in terms of the defendant's childhood and the unfortunate circumstance that after serving a relatively significant prison term that he may be deported to a country that he is – or he has no family or friends [in] and – and has not resided for most of his life, it's an unfortunate and unhappy consequence, but again, one that is relatively common or unfortunately rather common and is part of the natural consequence of engaging in serious criminal activity in a country where you're not a citizen.

*(Id*. at 21-22.)

Finally, even if the Court had not previously considered the issue, "a deportable alien who commits a crime is still within the 'heartland' of the guidelines, absent something more," and thus the failure to give a downward departure on the basis of immigration status is not a fundamental defect in sentencing.  *See United States v. Maldonado*, 242 F.3d 1, 5 (1st Cir. 2001).

Under the circumstances, petitioner's claim of ineffective assistance of counsel for failure to raise the issue of his immigration status is not supported by the evidence or the law, and must be rejected.

### 2. Alleged Failure to Move for Downward Departure based on Disparity of Sentences

Petitioner next claims that his counsel was ineffective for failure to file a motion for downward departure under the United States Sentencing Guidelines based on the disparity between his sentence and the sentences received by his co-defendants.  This claim is likewise without merit.

The Court at the sentencing expressly considered the degree of defendant's involvement in the conspiracy, including the amount of drugs he handled and his position within the

conspiracy. His sentence of 108 months was at the low end of the guideline range.

His co-defendants who participated in the 150,000 tablet sale generally received sentences of similar or greater length. Thus, Thongkoune Inthoulangsy received a 210-month sentence; Sanaxay Khounthy received a 120-month sentence; and Boula Sisompeng received a 108-month sentence. The only exception was Bounkong Sisavath, who had no prior involvement except for the final load and received a 98-month reduction, 10 months below the low end of the guideline range. Those co-defendants with lesser roles or who were not involved in the 150,000 tablet sale received lesser sentences; for example, Xaysaktsith Sida and Bannavon Douangchak were essentially couriers, and received sentences of 57 months and 59 months, respectively. Chanpheng Souvannaseng, who received a term of 87 months, who had a more significant role than Thongseng during the initial negotations, but dropped out of the enterprise before the 150,000-tablet sale.[1]

In short, those of petitioner's co-defendants who were as deeply involved as he in the sale of ecstasy  received similar or greater sentences; those co-defendants who received shorter sentences did not have the same level of involvement as the petitioner. Petitioner has failed to establish that anything his counsel might have done differently would have led to any different result, and thus cannot establish that counsel was unconstitutionally ineffective.[2]

---

[1] Among the remaining defendants, Jason Mounsonbath received a sentence of 120 months; Bun Srey received a sentence of 120 months; and Thongpane Chansy (who withdrew from the conspiracy and engaged in extraordinary personal rehabilitative efforts) received a 46-month sentence. Vien Kay Kounlabouth went to trial and was acquitted.

[2] The Court also notes that under the Sentencing Guidelines, it is not permitted to depart downward on grounds of disparity of sentence between the petitioner and his co-defendants. *See United States v. Thurston*, 358 F.3d 51, 78 (1st Cir. 2004). The Court may, of course, consider a non-guideline sentence on that basis.

**C.     The Non-Constitutional Claims**

Claim Three alleges that the Court should reconsider his motion for a mitigating role adjustment pursuant to U.S.S.G. § 3B1.2.  Claim Four alleges that the sentence is unreasonable and greater than necessary under 28 U.S.C. § 3553(a) and *Booker*.

Claim Three simply seeks reconsideration of the Court's sentencing decision, without pointing to any newly-discovered evidence or any intervening change in law, and may be denied summarily on that basis.  In any event, the claim that petitioner deserves a sentence reduction due to his minor role in the offence fails on the merits, as well.  The Court has already determined that the petitioner did, in fact, play a large role in the drug sale.  He personally sold government agents 5,700 ecstasy tablets and later introduced the agents to another individual with the purpose of brokering a major sale of ecstasy.  Because petitioner was a central figure in case, a minor role reduction was not proper under U.S.S.G. § 3B1.2

Claim Four is a claim that could have been brought on appeal, and accordingly cannot be addressed under a § 2255 petition.  *See Knight*, 37 F.3d at 772.  In any event, the claim that the sentence was "draconian" and unreasonable is also without merit.  It is not unreasonable *per se* to impose a 108-month sentence upon an individual who was a central figure in the sale of 150,000 ecstasy tablets.  Indeed, the sentence imposed upon the petitioner is at the low end of the advisory range of 108 to 135 months.

**III.    Conclusion**

For the foregoing reasons, the motion of Somsanit Thongseng to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §2255 is DENIED.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: October 28, 2009